963 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Christopher L. RHODES, a single man, Plaintiff-Appellant,
v.
CONTINENTAL CONVEYORS, Defendant,
v.
LUMMAS INDUSTRIES, INC., a Georgia corporation, Defendants-Appellees.
 No. 90-16033.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 17, 1992.
Decided May 28, 1992.
 
 Before HUG, TANG and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Christopher Rhodes appeals the district court's grant of judgment notwithstanding the verdict (JNOV) in his personal injury suit against Lummas Industries, Inc. (Lummas). The JNOV overturned a $1,000,000 verdict for Rhodes. We AFFIRM.
 
 
 3
 1. Independent Duty to Warn. One of the three grounds of the JNOV was that Lummas had no independent duty to warn Rhodes. The gin on which Rhodes was injured was manufactured by Hardwick Etter more than 12 years before Rhodes was injured. When Lummas bought some assets from Hardwick Etter, including certain patents, customer lists and goodwill, Hardwick Etter remained in existence, changing its name to Sherman Gin Company. It was later dissolved by its majority shareholder, Continental Conveyor. Continental Conveyor was found by the district court to be a corporate successor to Hardwick Etter and paid $250,000 to Rhodes in settlement of his claims.
 
 
 4
 Even though Lummas did not manufacture the gin in question, did not service the gin in question, nor, so far as Rhodes could show, furnish any parts for the gin, Rhodes contends it had a duty to warn independent of the fact that it was not a successor corporation. Rhodes' reliance on Gee v. Tenneco, Inc., 615 F.2d 857 (9th Cir.1980), is misplaced.
 
 
 5
 Gee was a successor liability case. The court there held, applying California law, that Tenneco could be liable for injuries caused by a drug manufactured by a division of Tenneco's predecessor prior to the sale of the division to American Cyanamid Company. The court specifically rejected the argument that sale of the division divested the parent of liability for acts committed prior to the sale: "It is the general rule that where a corporation is not dissolved following a sale of assets or reorganization, it remains liable for debts and liabilities incurred by it...." Id. at 862.
 
 
 6
 Gee specifically rejected a contention that a successor corporation had a duty to warn of defects in its predecessor's product simply by reason of the succession. Id. at 866. It does not support a holding, under California or Arizona law, that a non-successor corporation has an independent duty to warn of defects in a similar product line previously manufactured by the company that sold it some, but not all, of its assets. This is even more the case when the asset seller, and manufacturer of the allegedly defective device, remains in existence, capable of giving warnings, and subject to liability for its failure to do so. None of the cases cited by Rhodes convinces us that the courts of Arizona would impose that duty on Lummas.
 
 
 7
 2. Successor Corporation. The district court granted Lummas' motion for summary judgment before trial, holding that Lummas was not a successor corporation to Hardwick Etter. Rhodes relies heavily, if not exclusively, on Ray v. Alad Corp., 560 P.2d 3 (Cal.1977), in asserting that the district court erred in that determination.
 
 
 8
 One of the three elements which Alad held had to be satisfied in order for successor liability to attach is "[t]he virtual destruction of the plaintiff's remedies against the original manufacturer caused by the successor's acquisition of the business." Id. at 9. Rhodes' remedies against Hardwick Etter through Continental Conveyor were not impaired in any way by Lummas' purchase, much less "virtually destroyed." Continental Conveyor was specifically held to be a successor to Hardwick Etter for purpose of Rhodes' liability claim, a holding not challenged on this appeal. The district court was correct in ruling that Lummas was not a successor to Hardwick Etter.
 
 
 9
 3. The Constitutionality of Arizona's Statute of Repose. Rhodes contends that Arizona's statute of repose for product liability actions, A.R.S. 12-551, is violative of the constitutions of the United States and Arizona. The issue of the constitutionality of A.R.S. 12-551 was not raised in the district court, and there are no exceptional circumstances which would warrant our consideration of it on this appeal. See Bolker v. C.I.R., 760 F.2d 1039, 1042 (9th Cir.1985).
 
 
 10
 All pending motions of the parties are DENIED.
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3